IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| DAWN CUTLER, | ) | |
| | ) | |
| PLAINTIFF, | ) | CIVIL ACTION NO. _____ |
| | ) | |
| vs. | ) | |
| | ) | HON. |
| MOLINA HEALTHCARE OF | ) | |
| MICHIGAN, INC. | ) | |
| | ) | |
| DEFENDANT. | ) | |
| _____ | ) | |

## COMPLAINT

PLAINTIFF, DAWN CUTLER, by and through her attorneys, CARLA D. AIKENS, P.L.C., submits the following Complaint and Demand for Trial by Jury against MOLINA HEALTHCARE OF MICHIGAN, INC.

## JURY DEMAND

COMES NOW PLAINTFF, and hereby makes her demand for trial by jury.

## JURISDICTION

1. At all times relevant to this complaint, PLAINTIFF DAWN CUTLER was a resident of Oakland, County in the State of Michigan.

2. MOLINA HEALTHCARE OF MICHIGAN, INC. is a domestic profit corporation, which has a place of business at 880 W. Long Lake, Troy, MI 48098.

3. This action is brought in this Court on the basis of federal question

1

jurisdiction, pursuant to Title VII of the Civil Rights Act of 1964, 42 USC 2000e et seq.

4.     Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

## VENUE

5.     Venue is proper in the Eastern District of Michigan pursuant to Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment discrimination giving rise to Plaintiff's claims occurred in this District.

## STATEMENT OF FACTS

6.     Plaintiff is a 52-year-old African American woman.

7.     Plaintiff began working for Defendant on February 12, 2013, as a Senior Medicare Sales Representative.

8.     Plaintiff worked for Defendant in the sales department for almost 10 years.

9.     Plaintiff routinely experienced discrimination on the basis of age, race, sex, and retaliation.

10.     Plaintiff was treated unfairly than others and complained about the treatment to Human Resources.

2

11.     In 2019, Plaintiff applied for a promotion, but was passed over for a younger, non-Black employee.

12.     Plaintiff applied for this position in May of 2019 and was informed she would receive it.

13.     However, Plaintiff was later informed that the interviewer's power to hire had been removed and they could only make recommendations.

14.     Upon information and belief, this change in process differed from the Defendant's own prior practices.

15.     Upon information and belief, the Defendant hired a Caucasian person to fill the role who did not have any experience nor did they know the basics about the area of work.

16.     In 2020, Plaintiff applied for a promotion, but was passed over again for a younger, non-Black employee.

17.     Plaintiff's manager had been fired and Plaintiff was allegedly being "interviewed" for the role.

18.     However, Plaintiff received responses during the purported interview process stating how unqualified she was for the position.

19.     Plaintiff had well over 20 years of experience as an agent.

20.     Upon information and belief, Plaintiff was qualified for the position.

21.     Defendant had a pattern or practice of hiring few Black individuals into management positions and chose to higher young, inexperienced Caucasian individuals to fill management roles.

22.     Plaintiff noticed the hiring personnel and even the Regional VP showing clear preference for Caucasian and/or male employees.

23.     Plaintiff eventually went to corporate and contacted human resources about the blatant and pervasive discrimination in Defendant's hiring and promotion practices.

24.     Upon information and belief, January of 2021 was a low sales month with many employees failing to hit sales quotas.

25.     Only one employee was fired for these unmet quotas, who was both Black and female.

26.     In 2021, Plaintiff applied for a promotion, but was passed over again for a younger non-black employee.

27.     In addition, Plaintiff began to notice differences in how policies and performance requirements were applied to employees of Defendant.

28.     Specifically, Plaintiff noticed Caucasian males were allowed to underperform without fear of discipline or retribution.

29.     Upon information and belief, Plaintiff was not allowed to underperform in similar ways as her Caucasian, male counterparts.

4

30. Defendant hired another African American woman for the management position and required Plaintiff to train her for three months.

31. During this time, the Defendant's management personnel began to threaten Plaintiff with write-ups and other discipline.

32. Plaintiff attempted to resolve the issues with regular HR contact, but no resolution was offered.

33. Instead, Defendant's HR personnel attempted to find out the "dirt" Plaintiff had on Defendant's improper practices.

34. Upon information and belief, Defendant dismissed her HR claim because it had "just hired a Black woman," so Plaintiff could not say Defendant treated employees differently based on race.

35. Once training of the new employee was complete, Plaintiff was terminated on April 19, 2021.

36. Upon information and belief, Defendant's president sent out a letter about race relations approximately two weeks prior to Plaintiff's termination.

37. On February 11, 2022, Plaintiff filed a charge with the EEOC

38. On June 29, 2023, Plaintiff was issued a right to sue letter from the EEOC.

## COUNT I
## RETALIATION IN VIOLATION OF TITLE VII

39. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

40. At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, Title VII, as amended.

41. A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

42. Defendant's conduct, as alleged herein, violated Title VII which makes it unlawful to harass or retaliate against an employee for engaging in protected activity.

43. Plaintiff engaged in protected activity, as more fully laid out in the statement of facts, including, but not limited to when Plaintiff protested and reported the issues to HR on numerous occasions.

44. Defendant, through its agents, had knowledge that Plaintiff engaged in protected behavior because she reported the issue directly to agents of Defendant.

45. After Plaintiff engaged in protected activity, Defendant's agents thereafter took adverse employment actions against Plaintiff, as alleged in the statement of facts, including termination.

46. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard of Plaintiff's rights.

47. Plaintiff notified Defendant and its agents of the unwelcomed conduct and communication; however, Defendant failed to remedy the same.

48. As a proximate result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

49. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

50. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT II
## RETALIATION IN VIOLATION OF THE ELCRA

51. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

52. At all material times, Plaintiff was an employee, and Defendant was her employer covered by, and within the meaning of, the ELCRA.

53. A respondeat superior relationship existed because agents of Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct all of Plaintiff's daily work activity.

7

54. Defendant's conduct, as alleged herein, violated the ELCRA which makes it unlawful to retaliate against an employee who has engaged in protected activity.

55. Plaintiff engaged in protected activity, as more fully laid out in the statement of facts, including, when Plaintiff protested and reported the issues to HR on numerous occasions.

56. Defendant, through its agents, had knowledge that Plaintiff engaged in protected behavior because she reported the issue directly to agents of Defendant.

57. After Plaintiff engaged in protected activity, Defendant's agents thereafter took adverse employment actions against Plaintiff, as alleged in the statement of facts, including termination.

58. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard of Plaintiff's rights.

59. Plaintiff notified Defendant and its agents of the unwelcomed conduct and communication; however, Defendant failed to remedy the same.

60. As a proximate result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

61. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proved at trial.

62.    Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT III
## GENDER/SEXUAL HARRASMENT/DISCRIMINATION IN VIOLATION OF TITLE VII

43.    Plaintiff incorporates by reference all allegations in the preceding paragraphs.

44.    At all material times, Defendant was an employer covered by, and within the meaning of, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended.

45.    Defendant's conduct, as alleged herein, violated Title VII, which makes it unlawful to sexually harass an employee or discriminate against said employee on the basis of gender.

46.    A respondeat superior relationship existed because Plaintiff's supervisors, had the ability to undertake or recommend tangible decisions affecting Plaintiff or the authority to direct Plaintiff's daily work activity as alleged in the statement of facts.

47.    Plaintiff is a woman and a member of a protected class.

48.    Plaintiff was subjected to communication or conduct on the basis of her gender, as indicated in the facts above.

51.    The unwelcomed conduct or communication was intended to or in fact did substantially interfere with the Plaintiff's employment or created an

intimidating, hostile, or offensive work environment as alleged in the statement of facts.

52.     Plaintiff notified Defendant and/or Defendant's agents of the unwelcomed conduct and communication and Defendant failed to remedy the unwelcomed conduct or communication.

53.     As a direct and proximate result of Defendant's and Defendant's agent's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, emotional distress, humiliation and embarrassment, loss of professional reputation, and was terminated.

54.     Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT IV
## DISCRIMINATION ON THE BASIS OF SEX/GENDER IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2101 et seq. ("ELCRA")

55.     Plaintiff incorporates by reference all allegations in the preceding paragraphs.

56.     At all material times, Plaintiff was an employee, and Defendant was her employer covered by, and within the meaning of, the ELCRA.

57.     A respondeat superior relationship existed because Defendant's agents had the ability to undertake or recommend tangible decisions affecting Plaintiff

and the authority to direct all of Plaintiff's daily work activity, as alleged in the statement of facts.

58. Defendant's conduct, as alleged herein, violated the ELCRA, which makes it unlawful to harass or discriminate against an employee because of sex or gender.

59. Plaintiff is a woman, and, accordingly, is a member of a protected class for the purposes of the ELCRA.

60. Plaintiff was subjected to communication and conduct on the basis of their status as a member of this protected class including but not limited to: being constantly undermined and never listened to regarding issues raised in her complaints, surprise disciplinary actions, threats of discipline, repeatedly being passed over for promotions in favor of male employees, being held to different standards than her male counterparts, and other such conduct or communication alleged herein including termination.

61. The unwelcomed conduct and communication was intended to and in fact did substantially interfere with Plaintiff's employment and created an intimidating, hostile, and/or offensive work environment as alleged in the statement of facts.

62. Plaintiff continually notified Defendant and its agents of unwelcomed conduct and communication; however, Defendant failed to remedy the same.

63.     As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

64.     As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

65.     Plaintiff requests relief as described in the Prayer for Relief below.

**COUNT V**
**DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000e et seq. ("Title VII")**

63.     Plaintiff incorporates by reference all allegations in the preceding paragraphs.

64.     At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, Title VII, as amended.

65.     Defendant's conduct, as alleged herein, violated Title VII of the Civil Rights Act of 1964, which makes it unlawful to harass or discriminate an employee on the basis of that employee's race.

66.     Plaintiff is an African American woman, and, as a result, is a member of a protected class pursuant to Title VII.

67.     Plaintiff was subjected to offensive communication and/or conduct on the basis of her membership in this protected class.

68. Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

69. The unwelcomed conduct and communication was intended to and in fact did substantially interfere with Plaintiff's employment and created an intimidating, hostile, and/or offensive work environment as alleged in the statement of facts, up to and including her termination.

70. As a proximate result of the Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional distress.

71. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

72. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT VI
### DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCL 37.2101 et seq. ("ELCRA")

73. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

74. At all material times, Defendant was an employer and Plaintiff was an employee covered by, and within the meaning of, ELCRA.

75.    Defendant's conduct, as alleged herein, violated the ELCRA, which makes it unlawful to harass or discriminate an employee on the basis of that employee's race or skin color.

76.    Plaintiff is an African American woman, and, as a result, is a member of a protected class pursuant to ELCRA.

77.    Plaintiff was subjected to offensive communication and/or conduct on the basis of her membership in this protected class, including termination.

78.    Defendant and its agents' unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

79.    The unwelcomed conduct and communication was intended to and in fact did substantially interfere with Plaintiff's employment and created an intimidating, hostile, and/or offensive work environment as alleged in the statement of facts.

80.    As a direct and proximate result of the Defendant's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and have suffered mental anguish, emotional distress, humiliation and embarrassment, and loss of professional reputation.

81.    Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT VII
## DISCRIMINATION ON THE BASIS OF AGE IN VIOLATION OF THE ADEA

56. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

57. At all material times, Plaintiff was an employee, and Defendant was her employer covered by, and within the meaning of, the ADEA.

58. A respondeat superior relationship existed because Defendant had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct Plaintiff's daily work activities.

59. Defendants' conduct, as alleged herein, violated the ADEA, which makes it unlawful to "discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's age."

60. Plaintiff is fifty-two years old, and as a result, is a member of a protected class, per the ADEA.

61. Plaintiff faced discrimination and uneven treatment, culminating in her termination, because of her age, in violation of the ADEA and as alleged in the statement of facts.

62. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe

benefits and has suffered mental anguish, emotional distress, humiliation and embarrassment, and loss of professional reputation.

63. As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

64. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT VIII
## HARASSMENT AND DISCRIMINATION ON THE BASIS OF AGE IN VIOLATION OF THE ELLIOT-LARSEN CIVIL RIGHTS ACT, MCL 37.2101, et seq. ("ELCRA")

82. Plaintiff incorporates by reference all allegations in the proceeding paragraphs.

83. At all material times, Plaintiff was an employee, and Defendant her employer covered by, and within the meaning of the ELCRA.

84. A respondeat superior relationship existed because Agents of Defendant Employer had the ability to undertake or recommend tangible decisions affecting Plaintiff and the authority to direct Plaintiff's daily work activity, as alleged in the statement of facts.

85. Defendants Employer's conduct, as alleged in the statement of facts, violated the ELCRA, which makes it unlawful to harass and/or discriminate against an employee on the basis of their age.

86. As alleged in the statement of facts, Plaintiff would consistently

receive harassment or differential treatment related to the fact that she was older than her co-workers.

87.   Plaintiff was born on February 27, 1971, making her fifty-two years old.

88.   The ELCRA does not limit age discrimination to the elderly class, but instead, makes all age discrimination illegal, and as a result, Plaintiff is a member of a protected class.

89.   Plaintiff was talked down to, belittled, failed to be promoted, treated with much more hostility than any of her co-workers, and terminated, specifically because of her age, and other such conduct as alleged herein.

90.   As a direct and proximate result of the Defendants' agents' wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, and fringe benefits and has suffered mental anguish, emotional distress, humiliation and embarrassment, and loss of professional reputation.

91.   As a result of those actions and consequent harms, Plaintiff has suffered such damages in an amount to be proven at trial.

92.   Plaintiff requests relief as described in the Prayer for Relief below.

17

## RELIEF REQUESTED

PLAINTIFF, DAWN CUTLER, respectfully requests that this Honorable Court enter judgment against Defendant as follows:

1. Compensatory damages in whatever amount to which Plaintiff is entitled;

2. Exemplary damages in whatever amount which Plaintiff is entitled;

3. An award of lost wages and the value of fringe benefits, past and future;

4. An award of interest, costs, and reasonable attorney fees; and

5. An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

Dated: September 27, 2023       Respectfully Submitted,

CARLA D. AIKENS, P.L.C.

/s/ Carla D. Aikens
Carla D. Aikens (P69530)
Austen J. Shearouse (P84852)
615 Griswold St., Ste. 709
Detroit, MI 48226
carla@aikenslawfirm.com
austen@aikenslawfirm.com
*Attorneys for Plaintiff*

18