UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWN CUTLER,

        Plaintiff,                Case No. 2:23-cv-12450

v.                                       Honorable Susan K. DeClercq
                                        United States District Judge
MOLINA HEALTHCARE OF
MICHIGAN, INC.,

        Defendant.
_____/

**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR DISCOVERY SANCTIONS, DIRECTING PLAINTIFF TO PRODUCE DOCUMENTS AND SUPPLEMENT RESPONSES, DIRECTING PLAINTIFF TO PAY DEFENDANT'S COSTS AND FEES INCURRED IN BRINGING MOTION FOR DISCOVERY SANCTIONS, ADJOURNING SCHEDULING ORDER DATES, WARNING PLAINTIFF OF HARSHER SANCTIONS, AND SCHEDULING PHASE II SCHEDULING CONFERENCE**

Before the Court in this employment-discrimination and retaliation case is Defendant Molina Healthcare of Michigan's Motion for Discovery Sanctions. ECF No. 27. Defendant alleges that Plaintiff Dawn Cutler should be sanctioned for failing to comply with this Court's July 2024 discovery order which compelled her to produce five different categories of discovery. As explained below, Defendant's Motion will be granted in part to the extent Plaintiff will be directed to produce discovery that she previously failed to produce and she will be responsible for Defendant's fees and costs incurred in filing this motion for sanctions. Further,

Plaintiff is warned that any further failure to comply with discovery obligations or orders may result in harsher sanctions, including dismissal of her case.

## I. BACKGROUND

In September 2023, Plaintiff Dawn Cutler filed an eight-count Complaint against her former employer, Defendant Molina Healthcare of Michigan. ECF No. 1. Plaintiff alleges that during her ten years of employment with Defendant as a Senior Medicare Sales Representative, she "routinely experienced discrimination on the basis of age, race, [and] sex," and that Defendant retaliated against her for reporting these discrimination concerns. *Id.* at PageID.2–4. Written discovery was scheduled to close on August 12, 2024. ECF Nos. 9; 18.

On May 24, 2024, Defendant filed a motion to compel discovery. ECF No. 14. This Court held a hearing on the motion on July 24, 2024, and one week later, issued an order granting Defendant's Motion to Compel and directing Plaintiff to produce five categories of discovery before August 7, 2024. ECF No. 26. But Plaintiff did not comply with the August 7 deadline, instead sending Defendant supplemental responses five days later, on the discovery cutoff. *See* ECF No. 27-1.

A few weeks later, Defendant filed a Motion for Sanctions asserting that Plaintiff's failure to comply with this Court's July 31 discovery order warranted sanctions. ECF No. 27. Specifically, Defendant requested an order which (1) precludes Plaintiff from recovering front-pay and back-pay damages; (2) precludes

Plaintiff from introducing evidence regarding her mitigation efforts and an adverse-inference instruction that Plaintiff failed to mitigate her damages; (3) requires Plaintiff to pay Defendant's attorneys fees and costs incurred in bringing this motion; (4) orders Plaintiff to supplement her document production; (5) extends the deadlines in this case by 28 days; and (6) grants any other sanctions appropriate under Civil Rule 37(b)(2). *Id.* at PageID.282. Plaintiff opposes Plaintiff's request, arguing that most of what Defendant seeks has either been provided since Defendant filed its motion for sanctions or does not exist. ECF No. 29.

## II. STANDARD OF REVIEW

If a party violates or fails to comply with discovery orders, Civil Rule 37(b) authorizes district courts to sanction the party "in a variety of ways." *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990) (citing FED. R. CIV. P. 37(b)(2)); *see also Kucinskas v. Fleetwood Motor Homes of Ind., Inc.* No. 06-12195, 2008 WL 4378105, at *1 (E.D. Mich. Sept. 23, 2008). To determine whether and what type of sanctions are appropriate for a discovery-order violation, district courts consider four factors:

(1) whether a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault;

(2) whether the adversary was prejudiced by the party's failure to cooperate in discovery;

(3) whether the party was warned that failure to cooperate could lead to the sanction; and

(4) whether less drastic sanctions were first imposed or considered.

*Victor v. Reynolds*, 649 F. Supp. 3d 499, 506 (E.D. Mich. 2023), *reconsideration denied*, 678 F. Supp. 3d 940 (E.D. Mich. 2023) (citing *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)).

## III. ANALYSIS

This Court held a hearing on Defendant's Motion for Sanctions on October 9, 2024. Although Plaintiff's Counsel was over 30 minutes late for the hearing, the status and circumstances surrounding each of the five categories of disputed discovery were addressed as outlined below.

### A. Plaintiff's Job Search Records

On July 31, 2024, this Court directed Plaintiff to "produce all documents and records in her possession, custody, or control relating to her post-termination job search[.]" ECF No. 26 at PageID.263. Defendant asserts Plaintiff failed to comply with the Court's discovery order by "unintelligibly" explaining that she could not obtain any MichiganWorks! Records, only "vaguely discuss[ing] Plaintiff's post-Molina job history," and not producing any documentation related to her post-employment job search. ECF No. 27 at PageID.274–75; *see also* ECF No. 27-1 at PageID.286. Plaintiff responds that MichiganWorks! has informed her that it could not send her the requested records, and no other job search records exist. ECF No 29. At the motion hearing, Plaintiff's Counsel further explained that Plaintiff had not

- 4 -

maintained any records of her job search efforts before filing this lawsuit in September 2023 and that she regularly deleted emails related to employment applications she had submitted.

Thus, before this Court is a simple issue without a simple solution: Defendant seeks records of Plaintiff's post-employment job search to evaluate her efforts at mitigating her damages, but Plaintiff has no such records in her possession to produce. Admittedly, Plaintiff's supplemental response on this issue did not affirmatively state that Plaintiff had no post-employment job search records to produce, but focused solely on the MichiganWorks! records. *See* ECF No. 27-1 at PageID.286. But having clarified that no such records exist, the Court will not sanction Plaintiff for not producing records she does not have. Defendant makes much of the fact that it will be prejudiced without these records because it will not be able to meet its burden of proof on the affirmative defense that Plaintiff failed to mitigate her damages. But there are other avenues by which Defendant may meet its burden of proof, including examining Plaintiff. However, Plaintiff will be warned that in the future, she must maintain all records of her job-search efforts.

### B. Plaintiff's Tax Records

On July 31, 2024, this Court directed Plaintiff to "produce copies of her tax records since 2017." ECF No. 26 at PageID.264. If she did not have such records in her possession, she was directed to request them from the IRS. *Id.* Defendant asserts

Plaintiff failed to comply with the Court's discovery order by providing a supplemental response stating simply that Plaintiff would supplement her production at a later date. ECF No. 27 at PageID.275. A few weeks later, when Defense Counsel contacted Plaintiff's Counsel to seek concurrence in its Motion for Sanctions, Plaintiff's Counsel produced Plaintiff's W-2s from 2017–2022 and noted that Plaintiff has not filed taxes since 2021. ECF No. 27-1 at PageID.288. Defendant asserts this fails to comply with the Court's order directing Plaintiff to request her tax records from the IRS *and* produce them to Defendant by August 7. ECF No. 27 at PageID.276.

During the hearing, it was established that Plaintiff has not filed a tax return since 2019, and all tax returns that she has since 2017 were provided to Defendant. Plaintiff's Counsel also noted he had provided all other wage statements and taxable earnings information to Defendant except for Plaintiff's 2023 W-2. Accordingly, Plaintiff will be directed to produce Plaintiff's 2023 W-2 to Defendant within seven days, as this information should have already been produced to Defendant.

Relatedly, to the extent Defendant also seeks earnings information related to Plaintiff's business, it appears such information would have been included in Plaintiff's Counsel's representation that he provided all wage and other taxable earnings information. However, to be sure, the Court will further direct Plaintiff to produce Plaintiff's earnings information related to Plaintiff's business since 2017 to

Defendant if she has not already done so, within seven days.

### C. Plaintiff's Prior Managerial Experience

On July 31, 2024, this Court directed Plaintiff to supplement her answer to Interrogatory No. 4 to include "all past employers going back 10 years from her termination of employment by [Defendant]," limited to "prior jobs for which she held managerial responsibilities." ECF No. 26 at PageID.263–64. Defendant claims Plaintiff's supplemental answer was "nonresponsive and nonspecific." ECF No. 27 at PageID.275. But since Plaintiff affirmatively stated in her response that she did not have managerial responsibilities at any job during this timeframe, *see* ECF No. 29, Plaintiff responded appropriately and did not violate this Court's discovery order.

### D. Plaintiff's Government Benefits

On July 31, 2024, this Court directed Plaintiff to produce "all responsive records relating to her post-employment receipt of payments or benefits." ECF No. 26 at PageID.264. Plaintiff was specifically directed to attempt to request such records from the relevant government agency and if she was unable to obtain them, she was directed to supplement her discovery responses to reflect that fact on or before August 7, 2024. *Id.* But Plaintiff did not respond until August 12, stating only that she "did not receive any assistance," but withdrew funds from her 401k and other investment accounts and would produce documents related to such

withdrawals "at a later date."[1] ECF No. 27-1 at PageID.288. Defendant asserts this does not satisfy this Court's July 31, 2024 order which directed Plaintiff to attempt to request records relating to her post-employment receipt of payments or benefits form relevant governmental agencies. ECF No. 27 at PageID.275–76; *see also* ECF No. 26 at PageID.264. Specifically, at the motion hearing, Defendant asserted that Plaintiff should have produced records related to her application for unemployment benefits which was denied. But Defendant stretches this Court's discovery order too far. The July 31 discovery order directed Plaintiff to produce only records related to her post-employment *receipt* of payment or benefits. ECF No. 26 at PageID.264. And Plaintiff never received unemployment benefits. So she was not required to produce such records under this Court's July 31 order, and she substantially complied with the order—albeit five days late—by stating that she did not receive any government assistance or benefits.

### E. Plaintiff's Social Media Posts

On July 31, 2024, this Court directed Plaintiff to "review all of her social media accounts . . . to determine whether any posts or communications relate[d] to her employment with Molina, termination of employment with Molina, her mental

---

[1] To the extent Defendant's motion seeks production of records related to these investment-account withdrawals, as discussed above, Plaintiff's Counsel represented at the motion hearing that he has provided Defendant with all documentation regarding Plaintiff's taxable income, which should include such withdrawals.

state in connection with her termination, any loss of professional reputation in connection with her termination, her post-employment receipt of benefits, [or] job search following termination." ECF No. 26 at PageID.264. If such posts existed, Plaintiff was directed to produce them. *Id.* If they did not, Plaintiff was directed to supplement her answer to Interrogatory No. 15 to state that no such posts existed. *Id.* Defendant asserts Plaintiff failed to comply with this Court's discovery order by providing Defendant with a supplemental response which "stated only that she 'has not posted anything about Molina Healthcare, her discontent or her wellbeing.'" ECF No. 27 at PageID.276 (quoting ECF No. 27-1 at PageID.289).

Plaintiff will be directed to re-review her social media accounts and supplement her answer to Interrogatory No. 15 to more specifically address each of the six parts of the Court's July 31 order relating to her social media posts. Plaintiff must complete the review and supplementation within seven days.

### IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendant's Motion for Sanctions, ECF No. 27, is **GRANTED IN PART**, to the extent that Plaintiff is **DIRECTED** to:

1. **PAY** Defendant's costs and fees incurred in bringing its Motion for Sanctions, ECF No. 27;

2. **PRODUCE** all W-2s from 2023 to Defendant **on or before November 11, 2024**;

3. **PRODUCE** all earnings information related to Plaintiff's business from 2017 to present to Defendant **on or before November 11,**

- 9 -

    **2024**;

4. **RE-REVIEW** all of her social media accounts to determine whether any post or communications relate to (1) her employment with Defendant, (2) her termination of employment with Defendant, (3) her mental state in connection with her termination, (4) any loss of professional reputation in connection with her termination, (5) her post-employment receipt of benefits, or (6) her job search following termination. After rereviewing her social media accounts for these six categories of information, Plaintiff must **SUPPLEMENT** her response to Interrogatory No. 15 **on or before November 11, 2024**.

Further, it is **ORDERED** that Defendant's Motion for Sanctions, ECF No. 27, is **GRANTED IN PART**, to the extent that the discovery cutoff is **ADJOURNED** to **December 2, 2024**.

Further, it is **ORDERED** that Plaintiff is **WARNED** that if she fails to comply with this order, harsher sanctions, including dismissal of her case, may follow.

Further, it is **ORDERED** that Defendant's Motion for Sanctions, ECF No. 27, is **DENIED IN PART**, in all other respects.

Further, it is **ORDERED** that the Parties are **DIRECTED** to attend an in-person Phase II Scheduling Conference on **December 16, 2024, at 2:00 PM EST**.

**This is not a final order and does not close the above-captioned case.**

                                                 */s/Susan K. DeClercq*
                                                 SUSAN K. DeCLERCQ
                                                 United States District Judge

Dated: 11/4/2024